Scileppi, J. (dissenting).
I dissent and vote to affirm for the reasons stated in the majority opinion at the Appellate Division. I merely add the following to amplify my disagreement with the majority herein.
In Connors v. Boorstein (4 N Y 2d 172) we held that section 240 of the Labor Law should not be so literally read as to apply to an employee injured while cleaning windows of a private dwelling. We stated: “ The statutory words ‘ A person employing or directing another to perform labor of any kind in the * * * cleaning * * * of a building or structure shall furnish # * * ladders * * * which shall be so constructed * * * as to give proper protection to a person so employed or directed’ — standing by themselves and without more — should not be separated from context in order to create a liability which is clearly not contemplated when such words are read in the light of the whole enactment. When so done, it is significant to note that section 240 is found in article 10 of the Labor Law, which relates to ‘ Building construction, demolition and repair work ’.” (p. 174).
We then continued with a discussion of the legislative history of the statute and concluded that: “ It follows, as a matter of logic and common sense, that the word ‘ cleaning ’ as used in context, has reference to the cleaning ’ incidental to building construction, demolition and repair work and hot to the cleaning of the windows of a private dwelling by a domestic.” (p. 175).
In reversing herein the majority has taken the exact portions of the statute quoted in Connors and merely substituted the word “ painting ” for “ cleaning ” and without any consideration for the spirit of the statute, which we found controlling in Connors, stated that: ‘ By accepted canons of construction the generalities of the article heading [Building construction, demolition and repair work] must yield to the specifics of the section itself.”
It is my view that the majority’s distinction' between “ cleaning ” and “ painting ” is unjustified. Moreover, this distinction *265 has been drawn by employing a method of statutory construction expressly rejected in Connors itself.
As to the majority’s attempt to distinguish Connors on the ground that there we were involved with a “ truly domestic ” situation, suffice it to say that I do not believe that the Legislature, in using the broad language “ A person employing * * * another to perform labor of any kind”, ever contemplated making such a distinction.
Accordingly, the order appealed from should be affirmed.
Chief Judge Fuld and Judges Burke, Breitel and Gibson concur with Judge Bergan ; Judge Scileppi dissents and votes to affirm in a separate opinion in which Judge Jasen concurs.
Order reversed, etc.